**Tarlok SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71710.
INS No. A73–402–565.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Tarlok Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' final order of depor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tation and denial of asylum and withholding of deportation. Singh's sole contention is that the Board abused its discretion and denied him due process by refusing to accept a one-day late brief in support of his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c).[1] *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir. 2000).

Singh does not dispute that his brief was filed late. It is within the Board's discretion whether to accept a late brief. 8 C.F.R. § 3.3(c)(1) (2002). The Board did not abuse its discretion in refusing to accept the brief when Singh never sought an extension of the filing deadline and offered a curt, one-sentence explanation for his dilatoriness: "The petitioner was sick and could not file the brief in time."

We review de novo whether the Board's refusal to accept the brief violated Singh's due process rights. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). To prevail on his due process claim, Singh must demonstrate "error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

The Immigration Judge's ("IJ") decision rested on an adverse credibility determination supported by several specific findings of discrepancies in Singh's testimony. The Board similarly found that Singh was not credible, relying on discrepancies it observed as well as those the IJ discovered. Singh does not argue, much less demonstrate, that his brief would have cured the discrepancies relied upon by the Board. He fails to demonstrate prejudice and

thereby fails to prove a due process violation. *Id.* ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings . . . .").

**PETITION FOR REVIEW DENIED.**

---

1. We apply the IIRIRA transitional rules because Singh's deportation was commenced prior to April 1, 1997 and the BIA's final order of deportation issued on or after October 31, 1996. *Avetova–Elisseva*, 213 F.3d at 1195 n. 4.

